UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JONATHAN MENDEZ,

                        Plaintiff,

                  -against-

CITY OF NEW YORK; Detective MATTHEW DELROSARIO, Shield No. 00461; Lieutenant KEVIN CARLTON; Detective ANGEL CREAGH, Sergeant VICTOR BRUNO, Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                       Defendants.
------------------------------------------------------------------ x

**AMENDED COMPLAINT**

Jury Trial Demanded

12 CV 3180 (ARR)(LB)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Jonathan Mendez ("plaintiff" or "Mr. Mendez") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Detective Matthew Delrosario, Shield No. 00461 ("Delrosario"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Delrosario is sued in his individual and official capacity.

10. Defendant Lieutenant Kevin Carlton ("Carlton"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Carlton is sued in his individual and official capacity.

11. Defendant Detective Angel Creagh ("Creagh"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Creagh is sued in his individual and official capacity.

12. Defendant Sergeant Victor Bruno ("Bruno"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Bruno is sued in his individual and official capacity.

13. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

14. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

16. At approximately 4:45 p.m. on November 11, 2011, plaintiff was a passenger in a vehicle owned and driven by his friend. Plaintiff and his friend were

traveling in the vicinity of 86th Street and 23rd Avenue in Brooklyn, New York.

17. For unknown reasons, defendant officers, Carlton and Delrosario, in plain clothes stopped the car in which plaintiff was a passenger.

18. Carlton and Delrosario approached the vehicle with guns drawn.

19. With guns pointed in plaintiff's face, Carlton and Delrosario handcuffed plaintiff and forced him to lie on the ground while cuffed.

20. Carlton and Delrosario searched plaintiff in the street, including pulling plaintiff's pants down while he lay on the ground.

21. No contraband was recovered from plaintiff.

22. Plaintiff was taken to the 60th Precinct where he was held for approximately fifteen hours.

23. While in custody at Manhattan Central Booking, plaintiff suffered an asthma attack and was taken to Bellevue Hospital for treatment.

24. Plaintiff was taken back to Central Booking where he was held for another day and a half.

25. Defendant officers falsely informed employees of the Manhattan County District Attorney's Office that plaintiff had possessed a controlled substance and prepared police paperwork and other documents to that effect.

26. Plaintiff had not been in possession of a controlled substance.

27. The officers fabricated these statements and prepared these documents

4

in an effort to frame plaintiff for crimes plaintiff had not committed, improve their arrest statistics and further their careers.

28. Plaintiff was arraigned on November 13, 2011 and transferred thereafter to Riker's Island where he was held for approximately six more days.

29. Plaintiff was released on his own recognizance.

30. Plaintiff was required to appear in criminal court to defend the mendacious charges levied against him on several occasions before all charges were dismissed on May 10, 2012.

31. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

32. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

33. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

34. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, damage to his reputation and loss of income.

## FIRST CLAIM
### Unlawful Stop and Search

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants Carlton and Del Rosario violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

43. Plaintiff was conscious of his confinement.

44. Plaintiff did not consent to his confinement.

45. Plaintiff's confinement was not otherwise privileged.

46. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

47. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. The defendants Carlton and Del Rosario violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

53. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

54. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
**Malicious Prosecution**

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

57. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for his arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

58. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SEVENTH CLAIM
### State Law Malicious Prosecution

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

61. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with resisting arrest, menacing and disorderly conduct. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

62. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

63. All charges were terminated in plaintiff's favor.

64. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

65. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## EIGHTH CLAIM
### Denial Of Constitutional Right To Fair Trial

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. The individual defendants created false evidence against plaintiff.

68. The individual defendants forwarded false evidence to prosecutors in the Manhattan County District Attorney's office.

69. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

70. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before allege.

## NINTH CLAIM
### Failure to Intervene

71. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

73. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

74. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:　　November 28, 2012
　　　　　　New York, New York

　　　　　　　　　　　　　　　　HARVIS WRIGHT
　　　　　　　　　　　　　　　　SALEEM & FETT LLP


　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Afsaan Saleem
　　　　　　　　　　　　　　　　305 Broadway, 14th Floor
　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　(212) 323-6880
　　　　　　　　　　　　　　　　asaleem@hwsflegal.com